IN THE

# United States Court of Appeals for the Fifth Circuit

———

JOHN DOE,
*Plaintiff-Appellant,*

V.

X CORP., X CORP., FORMERLY KNOWN AS TWITTER, INCORPORATED,
DOING BUSINESS AS X AND X.AI CORPORATION;
X.AI CORP., DOING BUSINESS AS XAI,
*Defendants-Appellees.*

———

*On Appeal from the*
*United States District Court for the Northern District of Texas,*
*Fort Worth Division*

———

## OPPOSED MOTION TO REQUIRE PLAINTIFF JOHN DOE TO PROCEED UNDER HIS TRUE NAME

———

Judd E. Stone II
 *Counsel of Record*
Christopher D. Hilton
Cody C. Coll
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
(737) 465-3897

Derek L. Shaffer
**QUINN EMANUEL URQUHART &**
 **SULLIVAN, LLP**
555 13th St., NW, Suite 600
Washington, DC 20004
(202) 538-8000

*Counsel for Defendants-Appellees*

Defendants-Appellees X Corp. ("X") and X.AI Corp. ("xAI") (collectively, "Defendants") respectfully move the Court to require Plaintiff-Appellant John Doe to proceed under his true name in this litigation. Doe originally claimed the right to proceed anonymously under 15 U.S.C. § 6851(b)(3)(B) in the district court, *see* ROA.145, and he has continued to do so in this Court. But anonymous litigation is not a right. It is a narrowly confined exception to the general presumption in favor of full public access to litigation records. And that exception requires judicial authorization. But no court has ever granted Doe leave to proceed anonymously in this case.

Because (1) Doe never received permission to proceed anonymously from any court or judge before which he has appeared, (2) the statute on which Doe relies neither grants anonymity as a matter of right nor changes the relevant analysis here, (3) the public's right to access judicial proceedings overrides his privacy interest, and (4) his status as a putative class representative weighs against anonymity, this Court should require that Doe proceed under his real name. This motion is opposed.

Doe filed this case in Florida state court last summer and sought a temporary restraining order. ROA.212. After the Florida court denied temporary relief, Doe voluntarily dismissed the case. ROA.240. He then re-filed in the Northern District of California. ROA.4, 18.

In his complaint, ROA.18–43, Doe alleged that he is an OnlyFans performer and that he stars in studio pornography, *see* ROA.25–27. Doe alleged that third parties copied content depicting him from his OnlyFans page and studio-pornography websites and posted that content to the X platform without permission. *Id.* Doe asserted a claim under the non-consensual intimate images statute, 15 U.S.C. § 6851,[1] proposed a class action where he would be the representative, and sought damages and injunctive relief. ROA.34, 39–41. Doe invoked section 6851(b)(3)(B) to proceed anonymously but acknowledged that he needed the district court's permission to do so. ROA.20 n.2, 40–41 (acknowledging that the district court must authorize use of a pseudonym).[2]

---

[1] Section 6851 provides a private right of action for the nonconsensual disclosure of private intimate images. *See* 15 U.S.C. § 6851(b)(1)(A).

[2] Section 6851(b)(3)(B) provides: "In ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." 15 U.S.C. § 6851(b)(3)(B).

A few days later, Doe sought temporary and preliminary injunctive relief. ROA.117–46. In that motion, Doe sought permission to continue to proceed anonymously, again relying solely on section 6851(b)(3)(B): "Plaintiff should be permitted to proceed under a pseudonym[.] This 'preservation of anonymity' is permitted by 15 U.S.C. § 6851(b)(3)(B) for this claim." ROA.145. But the Northern District of California transferred the case to the Northern District of Texas without ruling on Doe's request. ROA.386, 572–84. The Northern District of Texas then dismissed Doe's complaint with prejudice, again without addressing whether Doe could proceed anonymously. ROA.1668–80. Doe appeals from that dismissal. ROA.1682.

## ARGUMENT

Under Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27, Defendants respectfully request that the Court order Doe to proceed under his true name. The Court should do so for at least four reasons. **First**, Doe never obtained leave from any court to litigate anonymously, and he forfeited any argument that the governing anonymity factors support such relief. **Second**, the statute on which Doe relies does not grant anonymity as of right or displace the ordinary

public-access analysis. It does not purport to, and does not, alter the inquiry courts apply in deciding whether to permit anonymous litigation. **Third**, Doe cannot overcome the strong presumption that parties must litigate in their own names and that court records must remain open to public scrutiny. **Fourth**, Doe's status as a putative class representative seeking monetary relief against private parties independently weighs against anonymity.

## I.   Doe Never Obtained Leave to Litigate Anonymously.

The Court should require Doe to proceed under his true name because he never obtained leave from any court to litigate anonymously. Although Doe styled himself "John Doe" from the outset, neither the Florida state court, the Northern District of California, the Northern District of Texas, nor this Court has entered an order permitting him to proceed anonymously.

That matters because "[t]he Federal Rules of Civil Procedure require plaintiffs to disclose their names in the instrument they file to commence a lawsuit." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981). Every pleading must include a title that "name[s] all the parties." FED. R. CIV. P. 10(a). And every "action must be prosecuted in

4

the name of the real party in interest." FED. R. CIV. P. 17(a)(1). A plaintiff seeking to depart from those rules must obtain leave of court. *See, e.g.*, *Stegall*, 653 F.2d at 185–86.

Doe never obtained, or even asked for, leave of court. His only request relied exclusively on section 6851 and consisted of the conclusory assertion that the statute "permitted" anonymity. ROA.145. He never made the "particular and specific" factual showing required to justify anonymous litigation. *Choice, Inc. of TX v. Graham*, 226 F.R.D. 545, 547 (E.D. La. 2005). For this reason, the Court should require Doe to proceed under his true name.

## II. Section 6851 Does Not Grant Anonymity as of Right or Displace the Ordinary Analysis.

Doe's reliance on section 6851(b)(3)(B) in seeking anonymity is doubly flawed. In the first place, the statute only authorizes a court to permit pseudonymity "[i]n ordering relief"—that is, after a plaintiff has shown he is entitled to some remedy. 5 U.S.C. § 6851(b)(3)(B). But no court has ever granted any of Doe's requests for relief in this case. What's more, the section does not on its own justify anonymity—while it says that a court "may" grant a plaintiff a pseudonym, *id.*, it does not *require* that any court do so.

By its plain language, the clause in question applies and permits anonymity only when the district court grants relief under section 6851(b)(3)(A). The relief available under the statute includes temporary and preliminary injunctive relief, to be sure. 15 U.S.C. § 6851(b)(3)(A). So the statute anticipates that a district court may consider the merits on a preliminary basis and, in doing so, may include in an otherwise appropriate injunction terms that maintain a plaintiff's pseudonymity. *Id.*

But no judge presiding over this action has determined that Doe is entitled to relief under the statute—indeed, every merits ruling in every court has gone against him. ROA.180–81 (denying a temporary restraining order), 386–88 (deferring ruling on preliminary injunction), 1668–80 (denying all relief, denying leave to amend, and dismissing complaint with prejudice). And this appeal will not determine Doe's entitlement to any relief either. Doe appeals the dismissal of his claims under Rule 12(b)(6). So at best for him this Court will conclude that his claims may proceed beyond that early stage. That is, this Court will not grant Doe any "relief" under section 6851(b)(3)(A), so Doe cannot avail himself of section 6851(b)(3)(B) here.

In any event, and even if it applied to these proceedings or to any proceedings that occurred below, section 6851(b)(3)(B) is entirely permissive. It does not say that a court "must" or "shall" permit pseudonymity; it says "may." That section therefore leaves the question of whether anonymity is appropriate to the court's discretion. *Texas v. United States*, 40 F.4th 205, 225 (5th Cir. 2022) (explaining that "may" "'*clearly* connotes' discretion" (citation omitted)); *see also Doe v. Ingber*, No. CV 25-5478, 2026 WL 1045392, at \*3 (E.D.N.Y. Apr. 17, 2026) (observing that courts are "permitted" but "not required" to grant anonymity under section 6851 and requiring the plaintiff to proceed under her true identity); *Doe v. Serpa*, No. 3:25-CV-0057, 2025 WL 975334, at \*3 (N.D. Tex. Apr. 1, 2025) (observing that anonymity under section 6851 is a matter of discretion and denying leave to proceed anonymously), *Doe v. Pentz*, No. 2:24-CV-05455, 2024 WL 7006712, at \*4 (C.D. Cal. Dec. 31, 2024) (denying leave to proceed anonymously). And because the statute does not state a rule of decision for exercising that discretion, courts apply general principles of law. *See In re Gary Aircraft Corp.*, 698 F.2d 775, 781 (5th Cir. 1983).

7

Thus, even were a court to consider a pseudonym request and exercise discretion under the auspices of the statute, it would look to other law to guide its discretion. That is, the statute does not change the analysis generally applicable to issues of anonymity and the openness of court records.

### III. Doe Cannot Overcome the Presumption That Parties Must Be Named and Court Records Must Be Open.

The ordinary rule is disclosure. Every pleading must, therefore, include a title that "name[s] all the parties." FED. R. CIV. P. 10(a). And every "action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1).

These requirements, which promote "public access," are "more than customary procedural formalities." *Stegall*, 653 F.2d at 185 (cleaned up). They derive from core "First Amendment guarantees," which include the public's right to "scrutin[ize] judicial proceedings." *Id.* ("[T]here remains a clear and strong First Amendment interest in ensuring that '[w]hat transpires in the courtroom is public property.'" (second alteration in original) (quoting *Craig v. Harney*, 331 U.S. 367, 374, (1947))).

By default, plaintiffs must proceed under their real names. There is "no hard and fast formula for ascertaining whether a party may"

deviate from that default. *A.N. v. Landry*, 338 F.R.D. 347, 351 (M.D. La. 2021) (quoting *Stegall*, 653 F.2d at 186). But anonymity is reserved for "exceptional cases," and the "risk that a plaintiff may suffer some embarrassment is not enough." *Id.* at 352 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).[3]

In determining whether a plaintiff is entitled to the exceptional relief of litigating anonymously, this Court has identified several guiding factors:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiffs to disclose information of the utmost intimacy; (3) whether the plaintiffs are compelled to admit prior violations of state laws or government regulations, or their intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiffs may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed; [] (5) whether the plaintiffs are minors . . . [and] (6) the public's interest in the litigation.

*Id.* at 351 (citing *Stegall*, 653 F.2d at 185; *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

---

[3] *See also Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 913 (7th Cir. 2024) (Easterbrook, J.) (explaining that anonymity "must be justified in each case" and that only "exceptional circumstances" will do).

Doe has not only failed to make an appropriate showing that he is entitled to proceed anonymously—he has failed to even try to do so. *See* ROA.145. Doe's sole effort to obtain permission to proceed under a pseudonym cited only section 6851 and consisted only of a conclusory statement that the statute "permits" it. *Id.* Despite the fact that it was incumbent on Doe to obtain a protective order or leave of court to proceed under a fictitious name, *see Choice, Inc.*, 226 F.R.D. at 547, Doe wholly failed to do so. In the process, Doe failed to preserve any argument as to his entitlement to that relief, as well as defaulting his ability to press the issue on appeal. That alone is reason enough to require him to proceed under his true name. But, what's more, the factors plainly weigh against anonymity here.

To fulfil his burden and obtain permission to proceed anonymously, Doe must make "particular and specific demonstration[s] of fact" that show how the factors discussed above weigh in his favor. *Id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). In doing so, Doe cannot rely on "stereotyped and conclusory statements," *id.*, or "generalized threat[s]" to his interests, *Doe v. Mckesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019), *vacated per curiam on other grounds*, 592 U.S.

10

1 (2020). And because he cannot fulfill that burden, the Court should require him to proceed under his true name.

*First*, Doe is not suing the government or challenging governmental activity. Rather, he is suing over private entities' alleged violation of law. The first factor therefore weighs against anonymity. *A.N.*, 338 F.R.D. at 352.

*Second*, this suit does not require Doe to disclose any "information of the utmost intimacy." Doe creates and appears in commercial pornography. ROA.1668–69. The images he says were posted on the X platform in violation of the law were originally "commercial pornographic content" published under limited licenses. *Id.* The "intimate" content at the heart of Doe's complaint was not ever, therefore, private, secret, or otherwise confidential. And anonymity will not serve to protect any privacy interest belonging to Doe. This is not a case involving confidential juvenile records, allegations of sexual abuse, private physical or mental health records, or other information that would create a stigma against Doe if his identity is made public in this proceeding. *See A.N.*, 338 F.R.D. at 353–54.

It bears emphasizing that Doe has not been victimized by a former intimate partner, as in the archetypal "revenge porn" case: Doe himself knowingly and willingly created and published the content at issue. ROA.1672 (emphasizing that Doe created the porn at issue "consensually"). Doe is simply a pornographer seeking to protect his intellectual property rights. That observation demonstrates why the mere fact that Doe has sued under section 6851 should not automatically entitle him to anonymity. That statute was designed to protect "individuals who intend to maintain control over intimate images and prevent their public dissemination." ROA.1676. It might make sense for those individuals to have anonymity in court when the factors weigh in favor of deviating from the constitutional default. But Doe is not such an individual; rather, he created images "intend[ed] for public or commercial sharing." ROA.1676–77. Thus, to the extent that section 6851 might ever counsel in favor of anonymity in judicial proceedings, it certainly does not do so for Doe.

*Third*, Doe does not suggest that he may be compelled to confess criminal or otherwise illegal activity. This factor weighs against anonymity.

*Fourth*, Doe has never suggested that he might be subject to harassment or violence if his identity is revealed. Indeed, because Doe is an adult performer, any such risk arising from his association with the pornography industry—if it exists—existed before this lawsuit and will not be worsened if he must proceed using his real name. This factor weighs against anonymity.

*Fifth*, Doe is not a minor. This factor weighs against anonymity.

*And sixth*, while it is not clear that the public has any heightened interest in the outcome of this case, *contra A.N.*, 338 F.R.D. at 356–57 (emphasizing the public's special interest in sex offender records), "[t]he public's right of access to judicial proceedings is fundamental," *id.* at 356 (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021)). Thus, to one degree or another, this factor always weighs against anonymity, as it does here.

## IV. Doe's Status As Putative Class Representative Is Another Reason to Deny Him a Pseudonym.

Courts have likewise looked to the nature of the action in determining whether anonymity is appropriate. *See E.B. v. Landry*, No. CA 19-862, 2020 WL 5775148, at *5–6 (M.D. La. Sep. 28, 2020). As the *E.B.* court explained, anonymity is more appropriate, for example, in a

non-monetary challenge to government action. *Id.* at *5. By contrast, where, as here, the putative class representative seeks monetary damages against a private defendant on behalf of a class of consumers—to whom the putative representative owes fiduciary duties—and the putative representative stands to earn an incentive award, anonymity is particularly *in*appropriate. *Id.* (citing *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *4–5 (E.D. Mo. Apr. 6, 2016)).

That distinction makes sense. In the former circumstance, the "constitutional issues presented are legal in nature, and the public interest is therefore not in being able to identify any one plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved." *Id.* at *6 (cleaned up) (collecting cases). In this case, on the other hand, the public's interest is the ordinary interest in having access to and scrutinizing the work of the courts; the issues are not constitutional in dimension and the interest in identifying the plaintiff remains.

And importantly, the class members have a "heightened interest in knowing who purports to represent their interests." *Ashley Madison*,

2016 WL 1366616, at *4. Doe would owe those class members fiduciary duties, after all, and due process would require that he represent them fairly and adequately. *Id.* And putative class members would have an interest in evaluating Doe's adequacy, typicality, credibility, potential conflicts, and incentive to pursue their claims. Those inquiries are harder when the proposed fiduciary proceeds anonymously. In short, the circumstances of this putative class action strongly counsel against anonymity and put a final nail in the coffin of Doe's pseudonymous status.

\* \* \*

At bottom, none of the relevant factors support Doe's continued use of a pseudonym, and neither does section 6851(b)(3)(B), both because that permissive provision simply does not apply to these proceedings and because Doe is not the kind of individual that provision is intended to protect. What's more, Doe wants to represent a class of consumers to obtain a monetary award and incentive in claims against a private defendant. His identity is, therefore, of particular interest.

## CONCLUSION AND PRAYER

Defendants-Appellees respectfully request that the Court require Plaintiff-Appellant John Doe to proceed under his true name in this litigation.

Respectfully submitted.

June 16, 2026

/s/ *Judd E. Stone II*
JUDD E. STONE II
  Tex. Bar No. 24076720
CHRISTOPHER D. HILTON
  Tex. Bar No. 24087727
CODY C. COLL
  Tex. Bar No. 24116214
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
(737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
cody@stonehilton.com

DEREK L. SHAFFER
  DC Bar No. 478775
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th St., NW, Suite 600
Washington, DC 20004
(202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for Defendants-Appellees*

16

## CERTIFICATE OF SERVICE

On June 16, 2026, this document was served on counsel for all parties, via the Court's electronic filing system.

/s/ *Judd E. Stone II*
Judd E. Stone II

## CERTIFICATE OF CONFERENCE

On June 15, 2026, counsel for Appellees conferred with Matthew Kita, appellate counsel for Appellant. Mr. Kita stated the relief requested herein is opposed.

/s/ *Judd E. Stone II*
Judd E. Stone II

## CERTIFICATE OF COMPLIANCE

This Motion contains 2,977 words, excluding excepted text, and complies with all rules governing the form of motions. *See* Fed. R. App. P. 27(d)(2)(A). Counsel further certifies that this document complies with Fifth Circuit Rules 25.2.1, 25.2.13, and all other applicable requirements.

/s/ *Judd E. Stone II*
Judd E. Stone II