United States Court of Appeals
Fifth Circuit

| | | |
|---|---|---|
| John Doe | § | |
| | § | |
| v. | § | Case No. 26-10260 |
| | § | |
| X Corp. | § | |

**Appellant's Response in Opposition to Appellee's
"Motion to Require Appellant to Proceed Under His True Name"**

**Summary of Appellant's Response**

This Court should deny Appellee X Corp.'s motion to require

Appellant John Doe to proceed under his "true name" for any of the

following reasons. *First*, it can conclude that X Corp. waived its right to

pursue this relief because it is asking this Court to grant relief beyond what

the district court ordered *without* having filed a notice of cross appeal.

*Second*, it can conclude that X Corp. waived its right to pursue this relief

because it never presented any of the arguments in its motion to the district

court. *Finally*, and only in the alternative, because X Corp.'s motion is

inherently "fact sensitive" this Court can defer its ruling on X Corp.'s

motion and remand this matter to the district court for findings of fact and

conclusions of law.

**Argument**

**A.  X Corp. waived its right to pursue the relief it seeks because it failed to file a notice of cross-appeal.**

This Court can deny X Corp.'s motion without addressing its merits because it has waived its right to seek a modification of the trial court's order. It is well established that if *appellees* seek greater relief than what the district court awarded—"either to enlarge their own rights or to lessen the rights of their adversary" or "to seek something the judgment did not include"—they must timely file a notice of cross-appeal.[1] And that is exactly what X Corp. seeks to do here. To recap:

— Doe requested permission to proceed under a pseudonym in his original complaint and motion for injunctive relief, both of which were filed in the Northern District of California;[2]

— In its opposition to Doe's motion for injunctive relief, it asked the court "to defer ruling on whether Doe can proceed under a pseudonym, pending full briefing;"[3]

— X Corp. filed a motion to transfer this case to the Northern District of Texas (which did not address Doe's request);[4]

---

[1] *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 539, 540 (5th Cir. 2022) (citing *United States v. Am. Ry. Express Corp.*, 265 U.S. 425, 435 (1924)) (cleaned up); *Miletello v. R M R Mech., Inc.*, 921 F.3d 493, 497 n.4 (5th Cir. 2019).

[2] ROA.20 n.2; ROA.40; ROA.41.

[3] ROA.195; ROA.209.

[4] ROA.310–373.

— The California court granted X Corp.'s motion to transfer without addressing Doe's request;[5]

— After this case was transferred to the Northern District of Texas, Doe filed an amended complaint in which he again requested permission to proceed under a pseudonym;[6]

— X Corp. filed a motion to dismiss Doe's amended complaint (which also did not address Doe's request);[7] and

— The district judge in the Northern District of Texas granted X Corp.'s motion to dismiss without addressing Doe's request;[8]

Regardless of whether Doe made the requisite evidentiary showing to proceed under a pseudonym, the district court tacitly granted his request to do so. Accordingly, X Corp.'s pending motion and effectively asks this Court to "lessen the rights of its adversary" by requiring Doe to proceed using his "true name" in this appeal (and, presumably, in all future proceedings should he prevail). But because it is undisputed that X Corp. did not timely file a notice of cross-appeal,[9] this Court should summarily deny X Corp.'s pending motion.

---

[5] ROA.572–84.

[6] ROA.1089 n.2; ROA.1109; ROA.1110; ROA.1111.

[7] ROA.1113–33.

[8] ROA.1668–80.

[9] Fed. R. App. P. 4(a)(3) ("If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed…."); ROA.16–17 (Doe's notice of appeal filed March 23, 2026; no notice of cross-appeal filed).

**B.** **This Court should not consider the merits of arguments that were not presented to the district court.**

Even if this Court were to conclude that X Corp. was not required to file a notice of cross-appeal to obtain the relief it seeks, this Court should decline X Corp.'s invitation to consider the merits of arguments that it did not present to the district court. As this Court reiterated in its 2024 decision in *Harris v. FedEx Corporate Services*:

> Generally, a party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal. True, we have discretion to consider a forfeited issue if it is a purely legal matter and failure to consider the issue will result in a miscarriage of justice. But what constitutes a pure legal question or a miscarriage of justice is 'a question with no certain answer.[10]

Here, there can be no question that X Corp. never presented the arguments in its pending motion to the court below. Indeed, as noted above, X Corp. specifically asked the district court in California "to defer ruling on whether Doe can proceed under a pseudonym, pending full briefing,"[11] and never

---

[10] *Harris v. FedEx Corp. Services, Inc.*, 92 F.4th 286, 296 (5th Cir. 2024).

[11] ROA.195; ROA.209. Should this Court conclude that the California district court granted X Corp. the relief that it sought, it can deny X Corp.'s motion on this basis as well. *See Arms of Hope v. City of Mansfield, Tex.*, 114 F.4th 374, 382 (5th Cir. 2024) (citing *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980) ("a party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it").

reiterated this request to the district court in Texas. By failing to provide the "full briefing" to either of the district courts below, this Court can conclude that the X Corp. forfeited this issue.

This Court should also conclude that neither of the exceptions to the usual rule regarding issue forfeiture apply here. First, the relief X Corp. seeks is not "a purely legal matter."[12] Instead, as X Corp.'s motion acknowledges, district courts within this Circuit must consider several factors when determining whether a party should be permitted to proceed anonymously.[13] And as several of these courts have recognized, these factors are necessarily "fact sensitive."[14] But as the Fourth Circuit recently reiterated, "It is a basic tenet of our legal system that appellate courts do not make factual findings in the first instance;"[15] instead, "they review them."[16] Here, however, X Corp.

---

[12] *Harris*, 92 F.4th at 296.

[13] Mot., p. 9 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981)).

[14] *See, e.g.*, *L.M.L v. Martin*, No. 1:26-CV-01170, 2026 WL 1361343, at *1 (W.D. Tex. May 11, 2026); *League of United Latin Am. Citizens v. Abbott*, No. 3:21-CV-00259, 2022 WL 2806850, at *4 (W.D. Tex. July 18, 2022); *United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-00022, 2022 WL 21757117, at *4 (N.D. Tex. May 20, 2022); *Doe v. Mckesson*, 322 F.R.D. 456, 457 (M.D. La. 2017).

[15] *Sustainability Inst. v. Trump*, 165 F.4th 817, 834 (4th Cir. 2026); *Pierce v. N. Carolina State Bd. of Elections*, 97 F.4th 194, 217 (4th Cir. 2024).

[16] *See, e.g.*, *Mittal Steel Point Lisas Ltd. v. United States*, 542 F.3d 867, 875 (Fed. Cir. 2008).

has not asked this Court to remand this proceeding to the district court so that it can make the factual findings necessary for appellate review; it asks this Court to resolve an unbriefed, fact-sensitive dispute, for the first time on appeal.[17] Doe respectfully submits that X Corp.'s request is unprecedented— as indicated by the absence of any citation to any appellate court granting similar relief in a case with a similar procedural posture.

Finally, X Corp.'s motion does not contend that permitting Doe to proceed anonymously would result in a "miscarriage of justice." And even if this Court were inclined to consider another argument that X Corp. did not make, this statement in X Corp's motion reveals why it must fail:

> No judge presiding over this action has determined that Doe is entitled to relief under the statute—indeed, every merits ruling in every court has gone against him. And this appeal will not determine Doe's entitlement to any relief either. Doe appeals the dismissal of his claims under Rule 12(b)(6). So at best for him this Court will conclude that his claims may proceed beyond that early stage. That is, this Court will not grant Doe any "relief" under [the statute that ostensibly provides Doe with a right to relief and allows him to proceed under a pseudonym], so Doe cannot avail himself of [that statute] here.[18]

---

[17] The fact that Doe's has filed a class-action complaint—which potentially involves the interests of an untold number of additional individual plaintiffs—provides additional support for the conclusion that specific factual findings are necessary to the disposition of this issue.

[18] Mot., p. 6.

However, this argument necessarily begs the question: "What happens if Doe *prevails* in this appeal?" If this Court should conclude that Doe *did* allege a viable claim under the statute at issue, it will remand this case to the district court, and X Corp. will then have another opportunity to present its arguments about whether Doe can proceed anonymously. But if this Court concludes that Doe is required to reveal his "true name" *now*—before determining whether he has *any* rights under the statute at issue—it will have preemptively eviscerated his right to pursue relief to which he might have been entitled.[19] Because such a result *would* result in a miscarriage of justice, this Court should conclude that this exception to the issue-forfeiture rule does not apply either.

## Conclusion

This Court should summarily deny X Corp.'s motion. Alternatively, this Court should abate this appeal and remand this case to the district court so that it can make findings of fact and conclusions of law on Doe's request to proceed using a pseudonym.

---

[19] *Cf. United States v. Garza*, 608 F.2d 659, 666 (5th Cir. 1979) (quoting *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962) ("one cannot unring a bell; after the thrust of the saber it is difficult to say forget the wound; and finally, if you throw a skunk into the jury box, you can't instruct the jury not to smell it").

Respectfully submitted,

/s/ *Matthew J. Kita*

MATTHEW J. KITA
Texas Bar No. 24050883
3110 Webb Avenue, Suite 150
Dallas, Texas 75205
(214) 699-1863
matt@mattkita.com

COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

I certify that on July 10, 2026, I served a copy of this motion on all counsel of record via ECF in accordance with Federal Rule of Appellate Procedure 25 and this Court's local rules.

/s/ *Matthew J. Kita*

MATTHEW J. KITA

## CERTIFICATE OF COMPLIANCE

1.      This response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,686 words.

2.      This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac in 14-point Equity B typeface.

Signed this 10th day of July, 2026.

/s/ *Matthew J. Kita*

MATTHEW J. KITA