**No. 26-10260**

IN THE

# United States Court of Appeals for the Fifth Circuit

JOHN DOE,

*Plaintiff-Appellant,*

V.

X CORP., X CORP., FORMERLY KNOWN AS TWITTER, INCORPORATED, DOING BUSINESS AS X AND X.AI CORPORATION; X.AI CORP., DOING BUSINESS AS xAI,

*Defendants-Appellees.*

*On Appeal from the*
*United States District Court for the Northern District of Texas,*
*Fort Worth Division*

## REPLY IN SUPPORT OF OPPOSED MOTION TO REQUIRE PLAINTIFF JOHN DOE TO PROCEED UNDER HIS TRUE NAME

Judd E. Stone II
 *Counsel of Record*
Christopher D. Hilton
Cody C. Coll
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
(737) 465-3897

Derek L. Shaffer
**QUINN EMANUEL URQUHART &**
 **SULLIVAN, LLP**
555 13th St., NW, Suite 600
Washington, DC 20004
(202) 538-8000

*Counsel for Defendants-Appellees*

Defendants-Appellees X Corp. ("X") and X.AI Corp. ("xAI") (collectively, "Defendants") moved the Court to require Plaintiff-Appellant John Doe to disclose and proceed under his true name in this litigation. Doe opposed that Motion. Defendants file this Reply to show why the Court should grant the Motion.

Doe does not contest that the statute he invoked in the district court does not grant anonymity as a matter of right or that the *Stegall* factors govern. *See A.N. v. Landry*, 338 F.R.D. 347, 351 (M.D. La. 2021) (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981); *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Indeed, Doe does not substantively respond to Defendants' argument that the *Stegall* factors come out heavily against anonymity. *See* Mot. at 8–13. Nor does Doe contest that his status as putative class representative independently weighs against anonymity here. *See E.B. v. Landry*, No. CA 19-862, 2020 WL 5775148, at *5–6 (M.D. La. Sep. 28, 2020); *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *4–5 (E.D. Mo. Apr. 6, 2016).

Instead, Doe ambitiously posits it is Defendants who have waived their "right to pursue this relief" because they have not noticed a cross

1

appeal and did not "present[] any of the arguments in [their] motion to the district court." Resp. at 1. And he argues, alternatively, that the Court must remand this matter for fact finding in the district court to inform the *Stegall*-factor analysis. *Id.*

Doe's novel counterargument is as irrelevant as it is mistaken for at least three reasons. **First**, even if Doe were correct about everything he asserts—and he is not—Doe would *still* have to establish a right to proceed anonymously before *this* Court regardless of what happened in the district court. He does not even attempt to do so—let alone demonstrate that the *Stegall* factors favor anonymity. **Second**, the district court did not "tacitly grant" Doe's request. Instead, the California court denied as moot the motion containing the request, and Doe never renewed it. **And third**, any deficiency in the record supporting anonymity is attributable to Doe, who bore the burden of developing that record. In any event, the Court can analyze the relevant factors given the existing record and easily determine that they weigh heavily against deviating from the constitutional default rule requiring plaintiffs to proceed under their true names.

## I.   Continued Anonymity in this Court Requires Independent Justification.

"Judicial records . . . are public, not private, documents." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (citation omitted). And "the public's right of access to judicial records is a fundamental element of the rule of law." *Id.* (cleaned up). Therefore, this Court "routinely"—often *sua sponte*—enforces the public's right to access when cases arrive on appeal. *Id.* at 518 n.3. When the parties merely stipulate to privacy without sufficient legal justification, when the district court incorrectly seals documents, or when "the circumstances that justified sealing in the originating court [] have changed or [do] not apply in [the] appellate proceeding," this Court does not hesitate to require disclosure. *Id.* (citation omitted).

Even in a true "revenge porn" case, which this is not, *see* Mot. at 2, 11–12, "courts should reevaluate pseudonymity as the litigation moves along," *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024). Other circuits agree that a party's continued anonymity on appeal requires justification independent of the district court's decision or the parties' assent. *See, e.g., Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) (explaining the court of appeals "is not

bound by a district court's decision to seal a document" and evaluating the appellant's motions to protect identifying information on appeal).

Because Doe's entitlement to anonymity in this Court is a distinct question—and because this Court has an independent obligation to protect the public's right of access to judicial records—Doe's waiver argument based on Defendants' failure to raise the issue below is beside the point. *Contra* Resp. at 2, 4. And whether or not Defendants filed a cross appeal, this Court's obligation to uphold the public's common-law and First Amendment interests persists and Doe's burden to justify his continued use of a pseudonym remains unmet. *Contra id.* at 2–3.

## II. Doe's Request for Anonymity was not "Tacitly Granted."

No district court "tacitly granted" Doe's request to proceed anonymously. Doe requested anonymity in a single sentence in his first motion for preliminary injunctive relief, which the parties briefed and the court resolved on an expedited schedule. ROA.57; ROA.145 (a single sentence in the brief supporting the motion); *see also* ROA.109–10 (a proposed order granting permission to use a pseudonym). In response, Defendants pointed out the lack of argument and authorities to support Doe's request and suggested that the California court obtain further

briefing on the pseudonym issue. ROA.209. In his reply, Doe did not mention the pseudonym issue at all. *See generally* ROA.256–71. The California court did not order further briefing on that issue and, instead, rightly deferred ruling on Doe's request for preliminary relief, including his request to proceed anonymously, until after it had resolved the venue question. ROA.386–88.

The California court then granted Defendants' motion to transfer the case to Texas and explicitly denied as moot Doe's motion for preliminary relief—which included Doe's request for permission to proceed anonymously—without prejudice to refiling. ROA.584. Once in Texas, Doe filed an amended complaint that, like his original complaint, acknowledged that anonymity is an equitable remedy that a court must grant. ROA.1089 n.2; ROA.1109–11. Thereafter, Defendants moved to dismiss the case, ROA.1113, and Doe renewed his motion for preliminary injunctive relief *without* requesting permission to proceed under a pseudonym, ROA.1275–82 (motion); ROA.1295–1324 (brief in support). The district court granted Defendants' motion and dismissed Doe's claims with prejudice. ROA.1668–80.

In sum, Doe asked the California court to grant him anonymity but did not substantively argue why that relief was appropriate, the California court denied as moot the motion containing that request, and then Doe never asked the Texas court for that relief. In other words, after the California court denied his request, Doe never renewed it, so the Texas court could not have "tacitly granted" it. After all, merely mentioning a request for equitable relief in a complaint does not suffice to obtain a court order. *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion."); FED. R. CIV. P. 65(a) (referring consistently to a "*motion* for a preliminary injunction" (emphasis added)); *see also Texas v. Becerra*, 575 F. Supp. 3d 701, 711 (N.D. Tex. 2021) (noting that the local rules do not alter "the[] requirements" governing preliminary relief); *but see also* N.D. Tex. LR 7.1(d), (h) (requiring a motion for preliminary injunction to be "accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities").

Because Doe's request for a pseudonym was denied by the only court asked to decide that request, it is *Doe* who seeks "something the judgment did not include"—the right to proceed anonymously. *Contra*

Resp. at 2. Obviously, then, Defendants were not required to file a cross appeal to contest any decision of the district court. *Contra id.* at 2–3. Rather, Defendants preserved the issue and carried their burden by arguing against anonymity every time Doe actually sought it. Here, again, Defendants ask the Court to hold Doe to the proper standard and to his burden to show why anonymity is appropriate. He has failed that burden; indeed, he has not attempted to carry it. *See generally* Resp.

### III. No Fact Finding is Necessary, and this Court Can Rule on the Existing Record.

It remains Doe's burden to make particularized showings of fact to support his claimed right to anonymity. *Stegall*, 653 F.2d at 185; *Choice, Inc. of TX v. Graham*, 226 F.R.D. 545, 547 (E.D. La. 2005); *Doe v. McKesson*, 945 F.3d 818, 835 n.12 (5th Cir. 2019), *vacated per curiam on other grounds*, 592 U.S. 1 (2020). Nevertheless, Doe faults Defendants for asking this Court to "consider the merits of arguments that [they] did not present to the district court." Resp. at 4.

As discussed above, in response to Doe's only request for a pseudonym, Defendants pointed out the lack of argument on that point and suggested further briefing was necessary. ROA.209. The district court denied Doe's request, ROA.584, and Doe never renewed it. So

Defendants cannot be faulted for failing to respond to arguments that Doe never made. Instead, it is Doe who has forfeited any right to argue his entitlement to anonymity or to any further development of the evidentiary record.

Said differently, the record includes everything Doe saw fit to submit to support his claim to a pseudonym. To the extent Doe claims the record is insufficient to inform the Court's analysis of the *Stegall* factors, that is Doe's fault. He chose not to renew his request in the Texas court, and he chose not to submit any evidence—in any court—to support his claim. The Court should not reward those choices by delaying this appeal and remanding so that Doe may supplement a record he chose not to develop. Instead, the Court should rule on the record before it, which amply informs the analysis. The best evidence in this motion-to-dismiss posture is, of course, Doe's own pleadings. As explained in Defendants' Motion (at 9–13), Doe's own allegations forcefully counsel against anonymity when compared against the *Stegall* factors.

Contrary to Doe's suggestion (at 5), this Court need not "make factual findings in the first instance." It need only "review" the record that Doe chose to develop (or, rather, to not develop) and decide whether

8

that record supports anonymity for Doe. It does not. Indeed, by suggesting a remand is necessary, Doe's argument effectively admits that the record does not support anonymity. The Court should therefore grant the Motion.

Finally, Doe's speculation about what happens if he prevails here (and is then required to proceed below under his true name) is unavailing. Perhaps if he had properly preserved his argument and developed the record he claims is necessary, that concern might warrant consideration. But he did not; Doe waived any argument below that he is entitled to anonymity and waived his opportunity to develop the evidentiary record before the district court ended the case. Additionally, a possible remand does not resolve whether Doe may proceed anonymously in this Court now. And if the dismissal is affirmed, there may be no further merits proceedings below in which Defendants could raise the issue.

In any event, and as discussed above, this Court has an independent obligation to examine whether an infringement on the public's right of access is necessary in this proceeding. It should

9

undertake that examination, conclude that no such infringement is necessary, and order Doe to proceed under his true name.

## CONCLUSION AND PRAYER

Defendants-Appellees respectfully request that the Court require Plaintiff-Appellant John Doe to proceed under his true name in this litigation.

Respectfully submitted.

July 17, 2026

/s/ *Judd E. Stone II*
JUDD E. STONE II
  Tex. Bar No. 24076720
CHRISTOPHER D. HILTON
  Tex. Bar No. 24087727
CODY C. COLL
  Tex. Bar No. 24116214
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
(737) 465-3897
judd@stonehilton.com
chris@stonehilton.com
cody@stonehilton.com

DEREK L. SHAFFER
  DC Bar No. 478775
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
555 13th St., NW, Suite 600
Washington, DC 20004
(202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for Defendants-Appellees*

10

### CERTIFICATE OF SERVICE

On July 17, 2026, this document was served on counsel for all parties, via the Court's electronic filing system.

/s/ *Judd E. Stone II*
Judd E. Stone II

### CERTIFICATE OF COMPLIANCE

This Reply contains 1,864 words, excluding excepted text, and complies with all rules governing the form of motions. *See* Fed. R. App. P. 27(d)(2)(C). Counsel further certifies that this document complies with Fifth Circuit Rules 25.2.1, 25.2.13, and all other applicable requirements.

/s/ *Judd E. Stone II*
Judd E. Stone II